IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD and<br>MARLA BINIEK, h/w,<br>　　　　　　　　　　　Plaintiff(s)<br><br>v.<br><br>MARMAXX OPERATING CORP. and<br>JOFRAN SALES, INC.<br>　　　　　　　　　　　Defendant(s) | Civil Action No. 3:14-1154 |

### MOTION IN LIMINE OF DEFENDANT, MARMAXX OPERATING CORP. TO PRECLUDE PORTIONS OF THE REPORT OF DUANE R. FERGUSON, P.E.

Defendant, Marmaxx Operating Corp. (hereinafter referred to as Marmaxx) by and through its attorneys, BONNER KIERNAN TREBACH & CROCIATA LLP, files the within Motion in Limine and in support thereof aver as follows:

1. This action arises out of an incident that occurred at the T.J. Maxx store located at located at 461 Arena Hub Plaza in Wilkes-Barre, Pennsylvania on March 11, 2013 when plaintiff alleges injury after sitting on a Bradford side chair, assembled and sold by defendant, Jofran Sales, Inc. ("Jofran"). As plaintiff sat down on the chair, the right front leg of the chair broke, causing him to fall to the ground, landing on his back, right arm and hitting the back of his head.

2. Plaintiffs are proceeding solely on the theory of strict product liability under Restatement (Second) § 402A and its recent interpretation by the Pennsylvania Supreme Court in *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (2013).

3. Jofran has produced the liability expert report of Duane R. Ferguson, P.E. See Report of Duane R. Ferguson, P.E. dated June 29, 2015, attached hereto as Exhibit "A".

4. In his report, Mr. Ferguson states, in pertinent part, that "[t]he physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward]

Biniek sat on it and the chair fell off the platform edge causing the leg to break off." See Exhibit "A" at pg. 16.

5. However, there is no evidence that Mr. Biniek sat on the chair while it was on a platform.

6. To the contrary, Mr. Biniek testified as follows:

> Q. When you sat on the chair, was it on one of these platforms or on the floor?
>
> A. **I can't recall totally.**
>
> . . .
>
> Q. Now, you testified you don't recall if the chair was on the platform or on the floor when the incident occurred, correct?
>
> A. **Correct.**

*See* Deposition testimony of Edward Biniek at pg. 19, attached hereto as Exhibit "B"

7. His wife, Marla Biniek, stated that he sat on the subject Bradford side chair while it was on the floor.

8. Specifically, she testified as follows:

> Q. And I understand these pictures were taken after the incident and they're not an exact replica of what the store looked like. But I want to ask you about these platforms. When your husband sat on the chair, was it on the platform?
>
> A. **No, it was not.**
>
> Q. Where was it?
>
> A. **It was on the floor. There were other chairs on the floor, too. The chair was on the floor. He sat on it and it just -- it gave right out.**
>
> . . .
>
> Q. How far away from your husband were you when he sat in the chair?
>
> A. **Maybe five feet.**

*See* Deposition testimony of Marla Biniek at pgs. 6-7, attached hereto as Exhibit "C"

9. As a result, there is no evidence that will be presented at trial that Mr. Biniek sat on the subject Bradford side chair while it was on the platform.

10. Consequently, Mr. Ferguson's opinion that "[t]he physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward] Biniek sat on it and the chair fell off the platform edge causing the leg to break off" has no factual basis and is impermissible under Fed. R. Evid. 702 and 703.

11. Therefore, this Court should preclude Mr. Ferguson from offering such an opinion at trial.

**WHEREFORE**, defendant, Marmaxx Operating Corp., respectfully requests that this Honorable Court grant the within Motion in Limine and enter the proposed Order precluding any testimony or evidence referring or relating to the opinion of Duane R. Ferguson, P.E. that "[t]he physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward] Biniek sat on it and the chair fell off the platform edge causing the leg to break off."

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

By: _____
KEVIN E. MONASTRA, ESQUIRE
Attorney ID No. 91648
JAMES F. LYNN, ESQUIRE
Attorney ID No. 53838
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215) 569-4433
Fax: (215) 569-4434
Attorneys for Defendant,
Marmaxx Operating Corp.