IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD and MARLA BINIEK, h/w,<br><br>　　　　　　　　　　Plaintiff(s)<br>　　　v.<br><br>MARMAXX OPERATING CORP. and JOFRAN SALES, INC.<br>　　　　　　　　　　Defendant(s) | Civil Action No. 3:14-1154 |

**BRIEF IN SUPPORT OF THE MOTION IN LIMINE OF DEFENDANT, MARMAXX OPERATING CORP. TO PRECLUDE PORTIONS OF THE REPORT OF DUANE R. FERGUSON, P.C.**

Defendant, Marmaxx Operating Corp. (hereinafter referred to as Marmaxx) by and through its attorneys, BONNER KIERNAN TREBACH & CROCIATA LLP, files the within Brief in support of its Motion in Limine.

**I.　Procedural History of Case**

This is a strict products liability case filed by plaintiffs. Trial is set for this case on October 5, 2015. Pursuant to this Court's Order of August 26, 2015, all Motions in Limine, including the instant Motion, must be filed on o before September 11, 2015.

**II.　Statement of Facts**

This action arises out of an incident that occurred at the T.J. Maxx store located at located at 461 Arena Hub Plaza in Wilkes-Barre, Pennsylvania on March 11, 2013 when plaintiff alleges injury after sitting on a Bradford side chair, assembled and sold by defendant, Jofran Sales, Inc. ("Jofran"). As plaintiff sat down on the chair, the right front leg of the chair broke, causing him to fall to the ground, landing on his back, right arm and hitting the back of his head.

Plaintiffs are proceeding solely on the theory of strict product liability under Restatement (Second) § 402A and its recent interpretation by the Pennsylvania Supreme Court in *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (2013).

Jofran has produced the liability expert report of Duane R. Ferguson, P.E. See Report of Duane R. Ferguson, P.E. dated June 29, 2015, attached hereto as Exhibit "A". In his report, Mr. Ferguson states, in pertinent part, that "[t]he physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward] Biniek sat on it and the chair fell off the platform edge causing the leg to break off." *See* Exhibit "A" at pg. 16. However, there is no evidence that Mr. Biniek sat on the chair while it was on a platform.

To the contrary, Mr. Biniek testified as follows:

> Q. When you sat on the chair, was it on one of these platforms or on the floor?
>
> **A. I can't recall totally.**
>
> . . .
>
> Q. Now, you testified you don't recall if the chair was on the platform or on the floor when the incident occurred, correct?
>
> **A. Correct.**

*See* Deposition testimony of Edward Biniek at pg. 19, attached hereto as Exhibit "B"

His wife, Marla Biniek, stated that he sat on the subject Bradford side chair while it was on the floor. Specifically, she testified as follows:

> Q. And I understand these pictures were taken after the incident and they're not an exact replica of what the store looked like. But I want to ask you about these platforms. When your husband sat on the chair, was it on the platform?
>
> **A. No, it was not.**
>
> Q. Where was it?

> A. **It was on the floor. There were other chairs on the floor, too. The chair was on the floor. He sat on it and it just -- it gave right out.**
>
> . . .
>
> Q. How far away from your husband were you when he sat in the chair?
>
> A. **Maybe five feet.**

*See* Deposition testimony of Marla Biniek at pgs. 6-7, attached hereto as Exhibit "C"

As a result, there is no evidence that will be presented at trial that Mr. Biniek sat on the subject Bradford side chair while it was on the platform.

For the reasons set forth herein, this Court should preclude Mr. Ferguson from testifying that "[t]he physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward] Biniek sat on it and the chair fell off the platform edge causing the leg to break off."

### III. Statement of Questions Involved

**Whether this Court Should Preclude Jofran's Liability Expert, Duane R. Ferguson, P.E. from Offering an Opinion that "The physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward] Biniek sat on it and the chair fell off the platform edge causing the leg to break off"?**

*Suggested Answer:*   **Yes.**

### IV. Argument

**This Court Should Preclude Jofran's Liability Expert, Duane R. Ferguson, P.E. from Offering an Opinion that "The physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward] Biniek sat on it and the chair fell off the platform edge causing the leg to break off."**

As noted above, plaintiffs are proceeding solely on the theory of strict product liability. Jofran has retained a liability expert, Duane R. Ferguson, P.E., who has opined that Mr. Biniek sat upon the subject Bradford side chair while it was on the platform and the front leg of the chair broke off when the chair and Mr. Biniek fell off of the platform. *See* Exhibit "A" at pg. 16.

Fed. R. Evid. 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) *the testimony is based on sufficient facts or data;*

(c) *the testimony is the product of reliable principles and methods*; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

(*emphasis added*)

Fed. R. Evid. 703 provides:

An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

"When a party seeks to admit expert testimony, the District Court must make an initial determination under Fed. R. Evid. 104(a) that the requirements of Fed. R. Evid. 702 have been met." *Magistrini v. One Hour Martinizing Dry Cleaning*, 68 F. App'x 356, 356 (3d Cir. 2003); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). A court acts as a gatekeeper in determining the admissibility of expert testimony. *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (citing *Daubert*, 509 U.S. at 589).

Rule 702 of the Federal Rules of Evidence requires that "the proffered evidence possesses sufficient evidentiary reliability to be admissible as scientific, technical, or other specialized knowledge and that the proffered evidence is relevant in the sense that it will assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Ford*,

481 F.3d 215, 218 (3d Cir. 2007), cert. denied, 552 U.S. 895, 128 S. Ct. 213, 169 L. Ed. 2d 160 (2007).

Under Rule 702, a court may admit proffered expert testimony only if the proponent demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). The evidence presented must be "helpful to the jury's evaluation of such evidence." *Elcock, v. Kmart Corp.*, 233 F.3d 734, 744 (3d Cir. 2000). "A court must examine the expert's conclusions in order to determine whether they could reliably flow from the facts known to the expert and the methodology used. A court may conclude that there is simply too great a gap between the data and the opinion proffered." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000). "The language of Rule 702 requiring the expert to testify to scientific knowledge means that the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994). A proper foundation for the expert's opinion is required. *Elcock*, 233 F.3d 734, 756 n. 13 (3d Cir. 2000).

Under Rule 703, an expert "may rely on facts from firsthand knowledge or observation, information learned at the hearing or trial, and facts learned out of court." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002). However, "[i]t is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record. " *Id.*

In *Elcock*, supra, the defendant appealed, in part, to the Third Circuit, on the basis that the plaintiff's economic expert rested his damages opinion on assumptions lacking foundation in the record. 233 F.3d at 755. On appeal, the Third Circuit found that the plaintiff's expert opinion lacked factual foundation. *Id.* Specifically, the Third Circuit found that plaintiff's expert's opinion relied on the unsupported fact that plaintiff was purportedly 100% disabled, when she was not described as such by plaintiff's medical expert, and that plaintiff would earn twice her average annual income preceding the incident. *Id.* at 756.

Likewise, in *State Farm Fire & Cas. Co. v. Holmes Prods.*, 165 Fed. Appx. 182, 183, the plaintiff –subrogee appealed the trial court's ruling precluding its cause and origin expert from testifying at trial. Plaintiff's expert had opined that the fire was caused by defendant's halogen lamp. The lamp could only ignite materials within an inch or two of its bulb. The plaintiff's expert opined the halogen lamp caused the fire when it came into contact with draperies in the living room which were one and a half to two feet away from the lamp prior to the fire. *Id.* at 184. He then speculated that the homeowner/subrogor's large dog may have accidentally pulled the window draperies over the lamp or knocked or tilted the lamp into the draperies. *Id.* The trial court granted defendant's motion to exclude plaintiff's causation expert because his opinions were based upon speculation and assumptions. *Id.* at 185. The trial court then granted summary judgment in favor of the defendant because there was insufficient evidence to show how the lamp came into contact with the draperies. *Id.* On appeal, the Third Circuit agreed with the District Court, that plaintiff's expert testimony as to the behavior of the dog was not supported by scientific analysis or methodology. Rather, it "was merely unsupported speculation" that was properly excluded. *Id.* at 186.

This case is no different than *Elcock*, supra and *State Farm*, supra. In the present case, there is no factual foundation for Mr. Ferguson's opinion that Mr. Biniek sat upon the subject Bradford side chair while it was on the platform and the front leg of the chair broke off when the chair and Mr. Biniek fell off of the platform. Mr. Biniek testified that he did not remember whether he sat on the chair while it was on the platform and Mrs. Biniek, who was five feet away from him, saw him sit on the chair while it was on the floor. There are no facts in the record that support the assumption that Mr. Biniek was sitting on the chair while on a platform. Moreover, the report of Mr. Ferguson does not contain any scientific analysis or methodology to support this opinion. As a result, this Court should preclude Mr. Ferguson's opinion that "[t]he physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward] Biniek sat on it and the chair fell off the platform edge causing the leg to break off" because it is solely based upon an assumption not supported by any fact in the record or recognized scientific analysis and methodology.

## V.     Conclusion

Based upon the foregoing, defendant, Marmaxx Operating Corp., respectfully requests that this Honorable Court grant the within Motion in Limine and enter the proposed Order precluding any testimony or evidence referring or relating to the opinion of Duane R. Ferguson, P.E. that "[t]he physical damage to the chair is consistent with a situation in which the chair was on the platform when Mr. [Edward] Biniek sat on it and the chair fell off the platform edge causing the leg to break off."

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

By: _____
KEVIN E. MONASTRA, ESQUIRE
Attorney ID No. 91648
JAMES F. LYNN, ESQUIRE
Attorney ID No. 53838
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215) 569-4433
Fax: (215) 569-4434
Attorneys for Defendant,
Marmaxx Operating Corp.