IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD and MARLA BINIEK, h/w,<br><br>            Plaintiff(s)<br><br>       v.<br><br>MARMAXX OPERATING CORP. and JOFRAN SALES, INC.<br><br>            Defendant(s) | Civil Action No. 3:14-1154 |

### MOTION IN LIMINE OF DEFENDANT, MARMAXX OPERATING CORP., TO PRECLUDE ANY TESTIMONY OR ARGUMENT REFERRING OR RELATING TO POST-INCIDENT DESTRUCTIVE TESTING THAT CAUSED ADDITIONAL DAMAGE/SPLITTING OF THE BLOCKS

Defendant, Marmaxx Operating Corp., (hereinafter referred to as Marmaxx) by and through its attorneys, BONNER KIERNAN TREBACH & CROCIATA LLP, files the within Motion in Limine and in support thereof aver as follows:

1.      This action arises out of an incident that occurred at the T.J. Maxx store located at located at 461 Arena Hub Plaza in Wilkes-Barre, Pennsylvania on March 11, 2013 when plaintiff alleges injury after sitting on a Bradford side chair, assembled and sold by defendant, Jofran Sales, Inc. ("Jofran"). As plaintiff sat down on the chair, the right front leg of the chair broke, causing him to fall to the ground, landing on his back, right arm and hitting the back of his head.

2.      After the incident, employees of defendant, Marmaxx removed the damaged chair from the sales floor and placed same inside a box that was shipped to Zurich Insurance Company in Rockhill, Connecticut. During shipment, the other front leg of the subject Bradford side chair broke-off.

3.  It is anticipated that Jofran will attempt to introduce into evidence and argue, through its liability expert, Douglas R. Ferguson, P.E., that "there is also evidence of post incident destructive testing and additional damage/splitting of the blocks." *See* Expert Report of Douglas R. Ferguson, P.E. dated June 29, 2015 at pgs. 1 and 16, attached hereto as Exhibit "A".

4.  It is further anticipated that Jofran will request an adverse inference instruction against Marmaxx based upon the supported claim that Marmaxx conducted destructive testing on the chair after the incident. *See* Jofran's Pre-Trial Memorandum at pg. 11, attached hereto as Exhibit "B".

5.  There is no evidence that any destructive testing took place.

6.  As such, there is no factual basis for this opinion under Fed. R. Evid. 702 and 703.

7.  Further, any testimony or argument that there was post-incident destructive testing is irrelevant and has no probative value because it has no relation to the actual incident and is severely prejudicial to Marmaxx and will mislead and confuse the jury as to what caused the right front leg to separate from the chair. *See* Fed. R. Evid. 401 and 403.

8.  As a result, this Court should preclude any testimony or argument that there was post-incident destructive testing of the subject chair. *See* Fed. R. Evid. 401, 403, 702 and 703.

**WHEREFORE**, defendant, Marmaxx Operating Corp., respectfully requests that this Honorable Court grant the within Motion in Limine and enter the proposed Order precluding any testimony or argument that there was post-incident destructive testing of the subject chair.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

By: _____
KEVIN E. MONASTRA, ESQUIRE
Attorney ID No. 91648
JAMES F. LYNN, ESQUIRE
Attorney ID No. 53838
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215) 569-4433
Fax: (215) 569-4434
Attorneys for Defendant,
Marmaxx Operating Corp.