IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD and MARLA BINIEK, h/w,<br><br>                    Plaintiff(s)<br>      v.<br><br>MARMAXX OPERATING CORP. and JOFRAN SALES, INC.<br>                    Defendant(s) | Civil Action No. 3:14-1154 |

**BRIEF IN SUPPORT OF THE MOTION IN LIMINE OF DEFENDANT, MARMAXX OPERATING CORP. TO PRECLUDE ANY TESTIMONY OR ARGUMENT REFERRING OR RELATING TO POST-INCIDENT DESTRUCTIVE TESTING THAT CAUSED ADDITIONAL DAMAGE/SPLITTING OF THE BLOCKS**

Defendant, Marmaxx Operating Corp. (hereinafter referred to as Marmaxx) by and through its attorneys, BONNER KIERNAN TREBACH & CROCIATA LLP, files the within Brief in support of its Motion in Limine.

**I.    Procedural History of Case**

This is a strict products liability case filed by plaintiffs. Trial is set for this case on October 5, 2015. Pursuant to this Court's Order of August 26, 2015, all Motions in Limine, including the instant Motion must be filed on or before September 11, 2015.

**II.   Statement of Facts**

This action arises out of an incident that occurred at the T.J. Maxx store located at located at 461 Arena Hub Plaza in Wilkes-Barre, Pennsylvania on March 11, 2013 when plaintiff alleges injury after sitting on a Bradford side chair, assembled and sold by defendant, Jofran Sales, Inc. ("Jofran"). As plaintiff sat down on the chair, the right front leg of the chair broke, causing him to fall to the ground, landing on his back, right arm and hitting the back of his head.

After the incident, employees of defendant, Marmaxx removed the damaged chair from the sales floor and placed same inside a box that was shipped to Zurich Insurance Company in

Rockhill, Connecticut. During shipment, the other front leg of the subject Bradford side chair broke-off. It is anticipated that Jofran will attempt to introduce into evidence and argue, through its liability expert, Douglas R. Ferguson, P.E., that "there is also evidence of post incident destructive testing and additional damage/splitting of the blocks." See Expert Report of Douglas R. Ferguson, P.E. dated June 29, 2015 at pgs. 1 and 16, attached hereto as Exhibit "A".

It is further anticipated that Jofran will request an adverse inference instruction against Marmaxx based upon the supported claim that Marmaxx conducted destructive testing on the chair after the incident. *See* Jofran's Pre-Trial Memorandum at pg. 11, attached hereto as Exhibit "B". Yet, there is no evidence that any destructive testing took place.

For the reasons set forth herein, this Court should preclude any testimony or argument that there was post-incident destructive testing of the subject chair.

### III. Statement of Questions Involved

**Whether this Court Should Preclude Any Evidence or Argument That There Was Post-Incident Destructive Testing of the Subject Chair Where There is No Evidence That Destructive Testing Took Place, There is No Relation to the Actual Incident and it Will Merely Mislead and Confuse the Jury?**

*Suggested Answer:*   **Yes.**

### IV. Argument

**This Court Should Preclude Any Evidence or Argument That There Was Post-Incident Destructive Testing of the Subject Chair Where There is No Evidence That Destructive Testing Took Place, There is No Relation to the Actual Incident and it Will Merely Mislead and Confuse the Jury.**

Fed. R. Evid. 401 states that:

Evidence is relevant if:
(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

Fed. R. Evid. 403 states that:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility. That is, evidence may be excluded if its probative value is not worth the problems that its admission may cause, e.g. unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3rd Cir. 2002).

Fed. R. Evid. 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
*(b) the testimony is based on sufficient facts or data;*
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

(*emphasis added*)

Fed. R. Evid. 703 provides:

An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Under Rule 702, a court may admit proffered expert testimony only if the proponent demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 143

L. Ed. 2d 238 (1999). The evidence presented must be "helpful to the jury's evaluation of such evidence." *Elcock, v. Kmart Corp.*, 233 F.3d 734, 744 (3d Cir. 2000). "A court must examine the expert's conclusions in order to determine whether they could reliably flow from the facts known to the expert and the methodology used. A court may conclude that there is simply too great a gap between the data and the opinion proffered." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000). "The language of Rule 702 requiring the expert to testify to scientific knowledge means that the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994). A proper foundation for the expert's opinion is required. *Elcock*, 233 F.3d 734, 756 n. 13 (3d Cir. 2000).

Under Rule 703, an expert "may rely on facts from firsthand knowledge or observation, information learned at the hearing or trial, and facts learned out of court." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002). However, "[i]t is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record. " *Id.*

First, there is simply no evidence that any destructive testing took place on the subject chair post-incident. Rather, Mr. Ferguson merely speculates as to what may have occurred without pointing to any evidence in an apparent attempt to explain away the damage he observed. Thus, any testimony or argument that there was such post-incident destructive testing and that it caused any damage to the subject chair has no factual basis.

Second, even if Mr. Ferguson's assumption is correct, which it is not, such testimony or argument is irrelevant to the issue before the jury, i.e., whether the subject chair was defective at

the time of incident. Any such testimony or argument will only serve to confuse and mislead the jury as it has no relation to the actual cause of the plaintiff's incident.

**V.     Conclusion**

Based upon the foregoing, defendant, Marmaxx Operating Corp., respectfully requests that this Honorable Court grant the within Motion in Limine and enter the proposed Order precluding any testimony or argument referring or relating to post-incident destructive testing of the subject chair.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

By: _____
KEVIN E. MONASTRA, ESQUIRE
Attorney ID No. 91648
JAMES F. LYNN, ESQUIRE
Attorney ID No. 53838
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215) 569-4433
Fax: (215) 569-4434
Attorneys for Defendant,
Marmaxx Operating Corp.