IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD and MARLA BINIEK, h/w,<br><br>                                     Plaintiff(s)<br>v.<br><br>MARMAXX OPERATING CORP. and JOFRAN SALES, INC.<br>                                     Defendant(s) | Civil Action No. 3:14-1154 |

## MOTION IN LIMINE OF DEFENDANT, MARMAXX OPERATING CORP. TO PRECLUDE PORTIONS OF THE REPORT OF JEFFREY KEEFER

Defendants, Marmaxx Operating Corp. (hereinafter referred to as Marmaxx) by and through its attorneys, BONNER KIERNAN TREBACH & CROCIATA LLP files the within Motion in Limine and in support thereof aver as follows:

1. This action arises out of an incident that occurred at the T.J. Maxx store located at located at 461 Arena Hub Plaza in Wilkes-Barre, Pennsylvania on March 11, 2013 when plaintiff alleges injury after sitting on a Bradford side chair, assembled and sold by Defendant, Jofran Sales, Inc. ("Jofran"). As plaintiff sat down on the chair, the right front leg of the chair broke, causing him to fall to the ground, landing on his back, right arm and hitting the back of his head.

2. Plaintiffs have produced an expert report from Jeffrey Keefer, a professional woodworker, who opines that Marmaxx, as an operator of a retail department store, was negligent in its failure to perform a "Quality Assurance Inventory Evaluation" to determine if the chair was structurally unsound. *See* Expert Report of Jeffrey Keefer dated April 6, 2015 at paragraph 8 under his Summary attached hereto as Exhibit "A," and Curriculum Vitae, attached hereto as Exhibit "B".

3. It is anticipated that Mr. Keefer will attempt to offer this opinion at trial.

4. Mr. Keefer's Curriculum Vitae states that he is a professional woodworker and owner/operator of Classic Cabinetry which designs and manufactures high end commercial and residential office and home furniture. *See* Exhibit "B".

5. Mr. Keefer has no experience in the retail industry. *See* Exhibit "B".

6.Mr. Keefer has no expertise as to any applicable standard of care concerning retailers, such as Marmaxx.

7.As a result, under Fed. R. Evid. 702, he is not qualified to offer an opinion as to the standards applicable to Marmaxx and whether Marmaxx's conduct met this standard. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).[1]

WHEREFORE, defendant, Marmaxx Operating Corp., respectfully requests that this Honorable Court grant the within Motion in Limine and enter the proposed Order precluding any testimony or evidence referring or relating to the opinion of Jeffrey Keefer that Marmaxx Operating Corp. was negligent in its failure to perform a "Quality Assurance Inventory Evaluation."

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

By: */s/ Kevin E. Monastra*
KEVIN E. MONASTRA, ESQUIRE
Attorney ID No. 91648
JAMES F. LYNN, ESQUIRE
Attorney ID No. 53838
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215) 569-4433
Fax: (215) 569-4434
Attorneys for Defendant,
Marmaxx Operating Corp.

---

[1] Marmaxx also submits that because plaintiffs are proceeding solely on the theory of strict product liability under Restatement (Second) §402A and its recent interpretation by the Pennsylvania Supreme Court in *Ticher v. Omega Flex, Inc.*, 104 A.3d 328 (2013), any evidence of Marmaxx's purported negligence is irrelevant.