IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD and<br>MARLA BINIEK, h/w,<br><br>　　　　　　　　　　　　Plaintiff(s)<br>　　　v.<br><br>MARMAXX OPERATING CORP. and<br>JOFRAN SALES, INC.<br>　　　　　　　　　　　　Defendant(s) | Civil Action No. 3:14-1154 |

### BRIEF IN SUPPORT OF THE MOTION IN LIMINE OF DEFENDANT, MARMAXX OPERATING CORP., TO PRECLUDE PORTIONS OF THE REPORT OF JEFFREY KEEFER

Defendant, Marmaxx Operating Corp. (hereinafter referred to as "Marmaxx") by and through its attorneys, BONNER KIERNAN TREBACH & CROCIATA LLP files the within Brief in support of its Motion in Limine.

**I.   Procedural History of Case**

This is a strict products liability case filed by plaintiffs. Trial is set for this case on October 5, 2015. Pursuant to this Court's Order of August 26, 2015 all Motions in Limine, including the instant Motion must be filed on or before September 11, 2015.

**II.   Statement of Facts**

This action arises out of an incident that occurred at the T.J. Maxx store located at located at 461 Arena Hub Plaza in Wilkes-Barre, Pennsylvania on March 11, 2013 when plaintiff alleges injury after sitting on a Bradford side chair, assembled and sold by Defendant, Jofran Sales, Inc. ("Jofran"). As plaintiff sat down on the chair, the right front leg of the chair broke, causing him to fall to the ground, landing on his back, right arm and hitting the back of his head.

Plaintiffs have produced an expert report from Jeffrey Keefer, a professional woodworker, who opines that Marmaxx, as an operator of a retail department store, was negligent in its failure to perform a "Quality Assurance Inventory Evaluation" to determine if the chair was structurally unsound. See Expert Report of Jeffrey Keefer dated April 6, 2015 at paragraph 8 under his Summary attached hereto as Exhibit

"A," and Curriculum Vitae, attached hereto as Exhibit "B". It is anticipated that Mr. Keefer will offer this opinion at trial.

Mr. Keefer's Curriculum Vitae states that he is a professional woodworker and owner/operator of Classic Cabinetry which designs and manufactures high end commercial and residential office and home furniture. See Exhibit "B". Mr. Keefer has no experience in the retail industry. *See* Exhibit "B". Mr. Keefer has no expertise as to any applicable standard of care concerning retailers, such as Marmaxx.

For the reasons set forth herein, Mr. Keefer should be precluded from offering any opinion as to the standards applicable to Marmaxx and whether Marmaxx's conduct met this standard.

**III.     Statement of Questions Involved**

> **Whether Plaintiffs' Liability Expert, Jeffrey Keefer, a Woodworker, is Qualified under *Daubert* to Offer An Opinion As To Whether Marmaxx Was Negligent In Its Failure To Perform A "Quality Assurance Inventory Evaluation" Of This Subject Bradford Side Chair?**
>
> *Suggested Answer:*     No.

**IV.     Argument**

> **This Court Should Preclude Plaintiffs' Liability Expert, Jeffrey Keefer, From Offering An Opinion As To Whether Marmaxx Was Negligent In Its Failure To Perform A "Quality Assurance Inventory Evaluation" Of The Subject Bradford Side Chair Because He is Not Qualified to Offer this Opinion under *Daubert*.**

As noted above, plaintiffs' liability expert, Jeffrey Keefer, a woodworker, has offered an opinion that Marmaxx, a retailer, was negligent for failing to conduct a "Quality Assurance Inventory Evaluation." *See* Exhibits "A" and "B". Mr. Keefer is not qualified to offer such an opinion.

Fed. R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)   the testimony is based on sufficient facts or data;
>
> (c)   the testimony is the product of reliable principles and methods; and
>
> (d)   the expert has reliably applied the principles and methods to the facts of the case.

Pursuant to Rule 702, this Court has broad discretion to exclude expert evidence. *See Upshur v. Shepherd*, 538 F. Supp. 1176, 1179 (E.D. Pa. 1982). A court acts as a gatekeeper in determining the admissibility of expert testimony. *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3rd Cir. 2008). It is the purview of the trial judge to determine whether an expert's testimony is admissible based on requirements set forth in the seminal case *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). "When a party seeks to admit expert testimony, the District Court must make an initial determination under Fed. R. Evid. 104(a) that the requirements of Fed. R. Evid. 702 have been met." *Magistrini v. One Hour Martinizing Dry Cleaning*, 68 Fed. Appx. 356 (3rd Cir. 2003).

The Third Circuit treats the *Daubert* standard as a three-part test which requires that: "(1) the proffered witness must be an expert; (2) the expert must testify to scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." *Miller v. Hoffman*, 1999 U.S. Dist. LEXIS 9277, at *5 (E.D. Pa. 1999)(*quoting U.S. v. Velasquez*, 64 F.3d 844, 849 (3d Cir. 1995)). "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3rd Cir. 2000); *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003).

"Before an expert witness may offer an opinion pursuant to Rule 702, he must first be qualified by virtue of specialized expertise." *Elock,* supra at 741. The standard for qualifying an expert under Rule 702, as articulated by the Third Circuit, requires:

> [t]he witness to have specialized knowledge regarding the area of testimony. The basis of this specialized knowledge can be practical experience as well as academic training and credentials. We have interpreted the specialized knowledge requirement liberally, and have stated that this policy of liberal admissibility of expert testimony extends to the substantive as well as the formal qualification of experts. However, at a minimum, a proffered expert witness ... must possess skill or knowledge greater than the average layman ....

*Id.* (internal quotations omitted).

"[T]he expert's credentials must be assessed in the context of the issue on which the proponent of the expert testimony carries the burden of proof." *Buzzerd v. Flagship Carwash of Port St. Lucie, Inc.*, 669 F. Supp. 2d 514, 523 (M.D. Pa. 2009).

In *Buzzerd*, supra, the plaintiffs alleged injuries from carbon monoxide poisoning while traveling in a U-Haul truck. 669 F. Supp.2d at 516. The defendants sought to preclude plaintiff's liability expert, an automobile mechanic, from testifying as to whether the toxic levels of exhaust fumes would have been transmitted to the passenger compartment under operating conditions. The Court excluded plaintiff's liability expert opinion in this regard, finding that this opinion requires expertise in aerodynamics. *Id. See Aloe Coal Co. v. Clark Equipment Co.*, 816 F.2d 110 (3rd Cir. 1987)(the Court of Appeals held that a tractor sales representative was not qualified to testify as an expert regarding the cause of a tractor fire); *Higginbotham v. Volkswagenwerk Aktiengesellschaft*, 551 F. Supp. 977 (M.D. Pa. 1982)(investigating officer not qualified to offer opinion as to movement of body inside vehicle even though officer had experience as accident investigator, where officer had only minimal training in accident reconstruction, physics, and the movement of bodies).

In this case, plaintiffs' expert, Jeffrey Keefer, has an expertise in woodworking and carpentry. *See* Exhibit "B". However, he has no retail experience or practical expertise to comment upon purported standards of care as it relates to assuring the structural integrity of furniture sold by a retail store. *See* Exhibit "B". His credentials do not give him a basis to offer this opinion. *Buzzerd*, supra. As a result, he is not qualified to offer an opinion as to whether Marmaxx met retail standards.

**V.     Conclusion**

Based upon the foregoing, defendant, Marmaxx Operating Corp., respectfully requests that this Honorable Court grant the within Motion in Limine and enter the proposed Order precluding any testimony or evidence referring or relating to the opinion of Jeffrey Keefer that Marmaxx Operating Corp. was negligent in its failure to perform a "Quality Assurance Inventory Evaluation."

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

By: _____
KEVIN E. MONASTRA, ESQUIRE
Attorney ID No. 91648
JAMES F. LYNN, ESQUIRE
Attorney ID No. 53838
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215) 569-4433
Fax: (215) 569-4434
Attorneys for Defendant,
Marmaxx Operating Corp.