# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Marla Biniek | : | NO: 3:14-1154 |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Marmaxx Operating Corporation d/b/a TJ Maxx and Jofran Sales, Inc. | : : : | |

## ORDER OF COURT

AND NOW this _____ day of _____, 2015, upon consideration of the Motion in Limine of Defendant Jofran Sales, Inc. to Preclude Lay Witness Testimony Regarding Alleged Product Defect, it is hereby Ordered that said Motion is granted. It is further Ordered as follows:

(1) The testimony of lay witnesses shall be limited to factual matters;

(2) Lay witnesses shall not be permitted to offer lay opinions regarding whether or not they believe the subject chair or chairs to be defective.

BY THE COURT:

_____

Hon. Malachy E. Mannion

CIPRIANI & WERNER, P.C.
**Daniel D. Stofko, Esquire**
Attorney ID#  205771
409 Lackawanna Avenue
Suite 402
Scranton, PA  18503
570-347-0600

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Marla Biniek | :  NO: 3:14-1154 |
| | : |
| vs. | :  **JURY TRIAL DEMANDED** |
| | : |
| Marmaxx Operating Corporation | : |
| d/b/a TJ Maxx and Jofran Sales, Inc. | : |
| | : |

**MOTION IN LIMINE OF DEFENDANT JOFRAN SALES, INC. TO PRECLUDE LAY OPINION TESTIMONY REGARDING ALLEGED PRODUCT DEFECT**

AND NOW comes the Defendant, Jofran Sales, Inc. and files the within Motion in Limine to preclude lay opinion testimony regarding alleged product defect:

1.  Defendant files the within Motion in Limine to preclude lay witness opinion testimony regarding alleged product defect.

2.  This specifically includes, but is not limited to, the testimony of former Marmaxx employee Tara Hughes.

3.  At her deposition, Ms. Hughes testified that all the Jofran chairs in Marmaxx's possession were defective.

1

4. In examining this opinion, it became clear that Ms. Hughes had no rational basis for this opinion; was confused or was unaware of the proper name of components; identified cracks in the wood where there were none; and changed her testimony when presented with pictures that contradicted her assertions.

5. With respect to the alleged defective condition of the chairs, Ms. Hughes first stated that "[t]he bolts were aimed but not hitting wood." (Hughes Transcript, Exhibit "A". p. 24).

6. When shown a photograph of the cracked rear blocks on the seat back (Murtha 1B; attached as Exhibit "B" hereto), Ms. Hughes stated "Yes that was – that's what I'm trying to recall with the straight – I knew there was a crack with the bolts. I knew something didn't match up. That what I was trying to recall, but that's exactly what I recall now. It was the bolts damaged the wood." (Tr. p. 28).

7. Ms. Hughes was then shown a picture of the broken chair (Fanelli 3C; attached as Exhibit "C" hereto), and changed her initial testimony that the bolts were "aimed but not hitting the wood":

> Q. -- but is that where you meant, that there was a portion where the bolt didn't go through the entire wood? I wasn't sure by your answer what you said.

2

  A. Actually, no.  My recollection was – like I recalled the bolts were not in the right way, but I recall them now that way.  They were in too far, that the wood was cracking."

(Tr. p. 29-30, indicating that she was referring to the cracked blocks in the back of the seat box).

  8. Ms. Hughes then testified that all the exemplar chairs had the "same exact – exact cracks where the bolts were" (Tr. p. 31), an assertion that is demonstrably false.

  9. When shown pictures of blocks with no cracks in them, Ms. Hughes then admitted there were no cracks (Tr. pp. 39 - 41).

  10. Ms. Hughes has no training or specialized knowledge concerning manufacturing of furniture.

  11. Ms. Hughes' testimony regarding the alleged defective conditions of the chairs is not based upon any specialized knowledge; is unreliable; and would serve only to unfairly prejudice Moving Defendant and confuse the issues before the jury.

  12. Under Federal Rule of Evidence 701, "lay opinion cannot be based on scientific, technical, or other specialized knowledge within the scope of Rule 702." <u>Estate of Edward W. Knoster v. Ford Motor Company</u>, 200 Fed. Appx. 106, 111 (3d Cir. 2006).

3

13. "Lay opinion testimony is permitted only where the 'personal knowledge, rational basis, and helpfulness standards of Rule 701 are met,' and the testimony does not concern scientific, technical, or specialized knowledge reserved for expert witnesses." <u>Schlier v. Rice</u>, 2008 U.S. Dist. Lexis 92867, 29-30 (M.D. Pa. 2008) (quoting <u>Asplundh Manufacturing Division v. Benton Harbor Engineering</u>, 57 F.3d 1190, 1198 (3d Cir. 1995).

14. Testimony regarding whether or not a particular product has a manufacturing or design defect requires application of technical or specialized knowledge.

15. To this end, Plaintiff has produced a detailed expert report and will have an expert testify at the time of trial as to the alleged product defect.

16. Ms. Hughes' opinions, on the other hand, are not based upon any specialized technical knowledge or experience of any kind.

17. For the reasons stated herein and in the accompanying Brief, the testimony of Ms. Hughes and other lay witnesses should be limited to factual matters and should not extend into lay opinions regarding whether or not the chair and exemplars were defective.

WHEREFORE, Moving Defendant Jofran Sales, Inc. respectfully requests that this Honorable Court grant the relief requested herein and in the attached proposed Order.

Respectfully submitted,

CIPRIANI & WERNER, P.C.


BY: */s/ Daniel Stofko*_____
       Daniel D. Stofko, Esquire
       Attorney for Defendant,
       Jofran Sales, Inc.

## **CERTIFICATE OF SERVICE**

That counsel for the Defendant, Jofran Sales, Inc., hereby certifies that a true and correct copy of this Motion has been served on all counsel of record, via electronic filing this 11th day of September, 2015.

Richard Jurewicz, Esquire
Galfand and Berger, LLP
1835 Market Street, Suite 2710
Philadelphia, PA  19103


James Lynn, Esquire
Bonner, Kiernan, Trebach & Crociata, LLP
Ten Penn Center
Suite 770
1801 Market Street
Philadelphia, PA  19103

Respectfully submitted,

CIPRIANI & WERNER, P.C.


By:   */s/ Daniel Stofko*_____
      Daniel D. Stofko, Esquire
      Attorney for the Defendant
      Jofran Sales, Inc.