CIPRIANI & WERNER, P.C.
**Daniel D. Stofko, Esquire**
Attorney ID#  205771
409 Lackawanna Avenue
Suite 402
Scranton, PA  18503
570-347-0600

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Edward and Marla Biniek | : | NO:  3:14-1154 |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Marmaxx Operating Corporation | : | |
| d/b/a TJ Maxx and Jofran Sales, Inc. | : | |
| | : | |

**BRIEF IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT
JOFRAN SALES, INC. TO PRECLUDE LAY OPINION
TESTIMONY REGARDING ALLEGED PRODUCT DEFECT**

I.     Issue Presented:

  Whether lay witness testimony regarding alleged product defects should be precluded, as such testimony falls within the scope of Rule 702 and such lay witnesses are not qualified to offer technical opinions?

  Suggested answer in the affirmative.

II.    Law and Analysis:

  Under Federal Rule of Evidence 701, "lay opinion cannot be based on scientific, technical, or other specialized knowledge within the scope of Rule

1

702." Estate of Edward W. Knoster v. Ford Motor Company, 200 Fed. Appx. 106, 111 (3d Cir. 2006).

The Third Circuit has held that opinion testimony regarding alleged product defect falls within the scope of scientific, technical, or other specialized knowledge. Asplundh Manufacturing Division et al. v. Benton Harbor Engineering, 57 F.3d 1190 (3d Cir. 1995). Notably, Asplundh was decided prior to the 2000 Rule Amendments. The Third Circuit has since noted through the Knoster opinion that Rule 701 is now more restrictive than viewed by the Court in Asplundh. In Knoster, the Third Circuit rejected a defendant's argument that Rule 701 permits lay opinion testimony based upon specialized knowledge. Knoster, *supra* at 111 (3d Cir. 2006).

Nevertheless, even prior to the Rule Amendments in 2000, the Third Circuit rejected testimony from a lay witness regarding product defect under the old standard. In Asplundh, the District Court permitted testimony from a fleet maintenance supervisor, who for more than ten years had been in charge of maintaining an aerial lift that broke and caused a fatal injury. Id. at 1193-94. The Court relayed the witness testimony as follows:

> Jones expressed the opinion that the fracture was caused by metal fatigue and was attributable to the design of the rod end. Specifically, he stated that there was a "problem" because Benton Harbor's design called for a hole to be drilled through the rod end at a point where it was threaded. Moreover, Jones noted that the cylinder rod had oxidized around a portion of the

2

> break which was a different, duller color than the rod's fresh break. From this, Jones concluded that the break occurred in stages. Jones also related that the break was in a threaded area where a hole had been drilled through the rod. Jones concluded that the rod fatigued inside the rod eye, causing the accident...

Id. at 1194.

In reversing the Judgment of the District Court and remanding the case for a new trial, the Third Circuit held that the opinion offered by the witness exceeded his technical knowledge. In its 1995 opinion, the Court held that "for lay opinion as to technical matters such as product defect or causation to be admissible, it must derive from a sufficiently qualified source as to be reliable and hence helpful to the jury." Id. at 1201. The Third Circuit further instructed that "the trial judge should rigorously examine the reliability of the lay opinion by ensuring that the witness possesses sufficient special knowledge or experience which is germane to the lay opinion offered." Id.

Even under this more permissive standard, the testimony of Ms. Hughes would have to be precluded, as she does not possess the specialized experience or technical knowledge to offer opinions regarding alleged defects in the subject chairs.

As noted above, however, since the opinion of the Third Circuit in Asplundh, the Court has held that "lay opinion cannot be based on scientific,

3

technical, or other specialized knowledge within the scope of Rule 702." Estate of Edward W. Knoster v. Ford Motor Company, 200 Fed. Appx. 106, 111 (3d Cir. 2006).  For this reason, "[l]ay opinion testimony is permitted only where the 'personal knowledge, rational basis, and helpfulness standards of Rule 701 are met,' and the testimony does not concern scientific, technical, or specialized knowledge reserved for expert witnesses."  Schlier v. Rice, 2008 U.S. Dist. Lexis 92867, 29-30 (M.D. Pa. 2008) (emphasis added).  Such requirements "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."  Fed. R.E. 701 Advisory Committee's Note (2000 amendments).

In this case, Plaintiff has produced an expert report and will offer expert testimony regarding the alleged product defect.  Ms. Hughes' opinions, on the other hand, are not based upon any specialized technical knowledge or experience of any kind.  If they were, they would be subject to the requirements of Rule 702 regarding expert testimony.  For the reasons stated herein, the testimony of Ms. Hughes and other lay witnesses should be limited to factual matters and should not extend into lay opinions regarding whether or not the chair and exemplars were defective.

Respectfully submitted,

CIPRIANI & WERNER, P.C.


BY: */s/ Daniel Stofko*_____
     Daniel D. Stofko, Esquire
     Attorney for Defendant,
     Jofran Sales, Inc.

## **CERTIFICATE OF SERVICE**

That counsel for the Defendant, Jofran Sales, Inc., hereby certifies that a true and correct copy of this Brief has been served on all counsel of record, via electronic filing this 11th day of September, 2015.

Richard Jurewicz, Esquire
Galfand and Berger, LLP
1835 Market Street, Suite 2710
Philadelphia, PA 19103


James Lynn, Esquire
Bonner, Kiernan, Trebach & Crociata, LLP
Ten Penn Center
Suite 770
1801 Market Street
Philadelphia, PA 19103

Respectfully submitted,

CIPRIANI & WERNER, P.C.


By: */s/ Daniel Stofko*_____
Daniel D. Stofko, Esquire
Attorney for the Defendant
Jofran Sales, Inc.