UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD BINIEK and MARLA BINIEK, | ) ) ) | CASE NO. 3:14-1154 |
| | ) | (JUDGE MANNION) |
| Plaintiffs | ) ) | |
| v | ) ) | |
| MARMAXX OPERATING CORPORATION d/b/a TJ MAXX and JOFRAN, INC., | ) ) ) ) | |
| Defendants | ) ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT MARMAXX OPERATING CORPORATION'S MOTION TO PRECLUDE PORTIONS OF THE REPORT OF DUANE R. FERGUSON, P.E.

Defendant Marmaxx Operating Corporation ("Marmaxx") has filed a Motion In Limine to Preclude Co-Defendant Jofran Sales, Inc. Expert Duane R. Ferguson, P.E. from offering a speculative opinion that "the physical damage to the chair is inconsistent with it being on the platform when Mr. Biniek sat on it and the chair fell off of the platform edge causing the leg to break off." Plaintiffs agree with Co-Defendant Marmaxx that this proffered fantasy opinion is nothing more than revisionist history by Mr. Ferguson in an effort to completely ignore all factual evidence of record to the contrary that the chair was on the floor at the time Plaintiff-Husband sat on it and when it collapsed.

The bedrock foundational support for Mr. Ferguson's "stretch" opinion is based on Plaintiff testifying at his deposition that he could not recall one way or the other whether the chair was on the platform or the floor at the time his accident occurred. (See Defendant Marmaxx Exhibit B at p. 19).

Aside from ignoring the unequivocal testimony of eyewitnesses to the accident Marla Biniek and her son Edward Biniek, III, that the chair was on the floor at the time Mr. Biniek sat on it when it collapsed. (Defendant Marmaxx Exhibit C at pp. 6-7 and Exhibit C to Plaintiffs' Motion to Preclude Testimony of Defendant Jofran's Expert Duane R. Ferguson, P.E. Docket 38-1), Mr. Ferguson is less than candid with this Court in ignoring other evidence in this case that unquestionably establishes that the chair was in fact on the floor when Plaintiff-Husband sat on it.

Within seconds of Plaintiff-Husband's accident, store associate employee Tara Hughes came to the aid of Mr. Biniek when she heard the chair collapse and provided the following corroborating evidence:

    Q.    Do you believe Mr. Biniek sat in the chair while it was on the platform or on the ground?
    A.    **DEFIINITELY ON THE GROUND** because if it was on the platform he would have hit his head…
        \*    \*    \*    \*    \*
    Q.    Other than the fact that he – the way he fell, do you have any other basis for believing the chair was put on the floor?
    A.    **OTHER THAN HE TOLD ME SO. HE SAID, ALL I DID WAS TAKE IT OFF I WANTED TO TRY IT OUT AND THERE'S - -**
        \*    \*    \*    \*    \*
    Q.    Did you hear him put the chair on the ground?
    A.    Yes. (Exhibit A at pp. 44-45).

Further corroborating evidence was the testimony of Defendant Marmaxx Store Manager Mary Lucille Murtha who came to investigate Mr. Biniek's accident immediately after follow employee Tara Hughes had summoned her over.

    Q.    When you arrived to the store furniture area, did you ever ask Mr. Biniek what happened?
    A.    **YES, WELL, HE, TOLD ME, HE SAID I TOOK THE CHAIR OFF THE PLATFORM AND I SAT DOWN AND THE LEG BROKE OFF** … (Exhibit B at p. 29).

When Mary Lucille Murtha completed her TJX Accident Report she completed the following:

> CUSTOMER'S VERSION OF ACCIDENT: Customer sat in a chair on the sales floor. The right front leg of the chair broke causing the customer to fall to the ground. (Exhibit C).

While an expert is certainly given some latitude in extrapolating from the facts, an expert is not permitted to engage in a self-directed fraudulent fact creating mission substituting his opinions for a version of the facts for which he believes would be most helpful for the defense of the party that retained him. GE v. Joiner, 522 U.S. 136, 146 (1997).

While parties to litigation may have a subjective disagreement over an objective set of facts, our civil justice system is not a vehicle for a party to manipulate the truth. Allowing Mr. Ferguson to testify is tantamount to giving Defendant Jofran a green light to manipulate the truth in this case.

Respectfully submitted,

GALFAND BERGER, LLP

By: _____
RICHARD M. JUREWICZ, ESQUIRE
Attorney for Plaintiffs
Attorney I.D. No.: 39436
1835 Market Street, Suite 2710
Philadelphia, PA 19103
215-665-6829
rjurewicz@galfandberger.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD BINIEK and<br>MARLA BINIEK,<br><br>        Plaintiffs<br><br>v<br><br>MARMAXX OPERATING<br>CORPORATION d/b/a TJ MAXX and<br>JOFRAN, INC.,<br><br>        Defendants | CASE NO. 3:14-1154<br><br>(JUDGE MANNION) |

## CERTIFICATION OF SERVICE

    I, Richard M. Jurewicz, Esquire, do hereby certify that service of a true and correct copy of the within PLAINTIFFS' RESPONSE TO DEFENDANT MARMAXX OPERATING CORPORATION'S MOTION TO PRECLUDE PORTIONS OF THE REPORT OF DUANE R. FERGUSON, P.E. was made on September 21st, 2015, Electronic E-Filing upon the following:

EMAIL: dstofko@c-wlaw.com
Daniel D. Stofko, Esquire
Cipriani & Werner
Oppeheim Building, Suite 402
409 Lackawanna Avenue
Scranton, Pa. 18503-0600

EMAIL: jlynn@bonnerkiernan.com
James F. Lynn, Esquire
Bonner Kiernan
1801 Market Street, Suite 770
Ten Penn Center
Philadelphia, Pa. 19103

GALFAND BERGER, LLP

By: _____
**RICHARD M. JUREWICZ, ESQUIRE**
**Attorney for Plaintiffs**
Attorney I.D. No.: 39436
1835 Market Street, Suite 2710
Philadelphia, PA 19103
215-665-6829
rjurewicz@galfandberger.com

Case 3:14-cv-01154-MEM   Document 45   Filed 09/21/15   Page 5 of 10

TARA HUGHES                                                October 08, 2014
BINIEK vs. MARMAXX OPERATING CORP                                         1

```
 1            IN THE UNITED STATES DISTRICT COURT

 2         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

 3   ----------------------------x
     EDWARD and MARLA BINIEK,     :   CIVIL ACTION
 4          Plaintiff(s),         :
                                  :
 5          v.                    :
                                  :
 6   MARMAXX OPERATING CORP.      :
            and                   :
 7   JOFRAN SALES, INC.           :
            Defendant(s).         :   NO. 3:14-CV-1154
 8   ----------------------------x

 9                        - - -
                    October 8, 2014
10                        - - -

11         Oral deposition of TARA HUGHES, held

12   at the LAW OFFICES OF NEIL T. O'DONNELL, 267

13   Wyoming Avenue, Kingston, Pennsylvania 18704,

14   beginning at 2:51 p.m., on the above date,

15   before Denise D. Bach, a Federally Approved

16   Registered Professional Reporter and Notary

17   Public.

18

19

20

21
              ESQUIRE DEPOSITION SOLUTIONS
22                 1835 Market Street
                      Suite 2600
23         Philadelphia, Pennsylvania 19103
                    (215) 988-9191
24
```


EXHIBIT A

Case 3:14-cv-01154-MEM   Document 45   Filed 09/21/15   Page 6 of 10

TARA HUGHES
BINIEK vs. MARMAXX OPERATING CORP
October 08, 2014
44

```
 1   feet, like just a couple steps away from where
 2   he was.
 3          Q.      And then I believe it was your
 4   testimony that at that time there were no chairs
 5   on the floor, they were on the platforms?
 6          A.      No.  I didn't see it on the floor
 7   when I walked past, no.
 8          Q.      And then three or four steps later
 9   is when you heard the sound?
10          A.      Yes.
11          Q.      Do you believe Mr. Biniek sat in
12   the chair while it was on the platform or on the
13   ground?
14          A.      Definitely on the ground.  Because
15   if he was on the platform, he would have hit his
16   head.  He would have -- because the chairs are
17   always kind of towards the front or the side of
18   the platform, so like you would fall right off
19   the platform also and they're like a lift up.
20   So he would have hit his head.  He was -- he
21   wouldn't have fell on his -- on his knees.
22          Q.      Other than the fact that he -- the
23   way he fell, do you have any other basis for
24   believing the chair was put on the floor?
```



ESQUIRE

800.211.DEPO (3376)
EsquireSolutions.com

Case 3:14-cv-01154-MEM Document 45 Filed 09/21/15 Page 7 of 10

TARA HUGHES
BINIEK vs. MARMAXX OPERATING CORP
October 08, 2014
45

```
 1       A.      Other than he told me so.  He
 2  said, all I did was take it off and I wanted to
 3  try it out.  And there's --
 4       Q.      Okay.  So do you believe in that
 5  three or four steps from when you saw him and
 6  there was no chair on the floor until the
 7  accident happened, that he had time to take it
 8  off the platform, sit it on the ground and then
 9  sit down in it and the chair broke?
10       A.      Yes, because it was -- it doesn't
11  take that long.  They're not that heavy, you
12  just pick it up, put it down, sit.  That's it.
13       Q.      Did you hear him put the chair
14  down on the ground?
15       A.      Yes.
16       Q.      Can you describe generally your
17  circumstances for leaving T.J.Maxx's employment?
18       A.      And why is that relevant?
19               MR. STOFKO:  Jim, do you want to
20  direct her to answer the question?
21               MR. LYNN:  I can't direct her to
22  answer the question.  I'm not directing her not
23  to answer the question.
24               MR. STOFKO:  I'm not going to get
```



# In the Matter Of:

## BINIEK vs. MARMAXX OPERATING CORP

3:14-CV-1154

## MARY LUCILLE MURTHA

*October 08, 2014*



EXHIBIT B



800.211.DEPO (3376)
*EsquireSolutions.com*

Case 3:14-cv-01154-MEM Document 45 Filed 09/21/15 Page 9 of 10

MARY LUCILLE MURTHA
BINIEK vs. MARMAXX OPERATING CORP
October 08, 2014
29

```
 1        A.      I saw Tara came over and said, I,
 2   you know, I didn't see anything, but I was a few
 3   aisles down and I heard a noise.  I came over.
 4   And Mr. Biniek had already gotten up.  And he
 5   said, I sat down on the chair and the leg broke.
 6   So then she went in turn and paged me.
 7        Q.      When you arrived to the store
 8   furnishing or furniture area, did you ever ask
 9   Mr. Biniek what happened?
10        A.      Yes.  Well, he, he told me, he
11   said, I took the chair off the platform and I
12   sat down and the leg broke off.  So, of course,
13   I asked if he was okay.  And he said, yeah.  He
14   said, I hit my right side and the back of my
15   head when I went down.  And at that point, I
16   asked if he wanted me to call -- you know, if he
17   needed anything, if he needed me to call for an
18   ambulance.  And he said, no, he was okay.  And I
19   said, well, let me take your name and your
20   address and your phone number and, you know, I
21   will call this in.
22        Q.      Did you ask either of his children
23   what they saw or what they heard?
24        A.      Yes.  They told me.  They said
```



EXHIBIT B

# TJX Accident Report

| | |
|---|---|
| Store Name: TJX Companies / TJ Maxx | Reference No: 9640240223 |
| Address: 461 Arena Hub Plaza, Wilkes Barre, PA, 18702 | Store Location: T0016 |
| | Store Phone No: 570-822-4465 |

## INCIDENT

| | |
|---|---|
| Date of Incident: 3/11/2013 | Time of Incident: 07 : 50 PM |
| Date of Notice to TJX: 3/11/2013 | Individual Notified: Marylou Murtha |

**Customer's Version of Accident:** Customer sat in a chair on the sales floor. The front right leg of the chair broke causing the customer to fall to the ground. He landed on his back, right arm and the back of his head.

**What did you observe?** nothing observed but spoke with the customer after the fact

**If this was a fall, what footwear was the customer wearing?** Unknown

**What if anything was the customer carrying?** Nothing being carried.

## CUSTOMER INFORMATION

| | | |
|---|---|---|
| Injured Name & Address: | Biniek, Edward, 121 Maffett St., Wilkes Barre, PA, 18705 | Phone: (H) (570)-239-9219 (W) unknown |
| Property Owner Name & Address: | Unknown | Phone: (H) Unknown (W) Unknown |

| | | | |
|---|---|---|---|
| Age: 45.0 | Sex: Male ☒  Female ☐ | Height: 5 ft 9 in | Weight: about 170 lbs. |

**Describe the Property Damaged:** Unknown

**Describe the Injury:** Unknown injuries to back of head, right arm and back

| Customer to seek Medical treatment Yes ☐  No ☒  Unknown ☐ | Medical Facility/Doctor Name and Address: ,,USA  Phone No.: unknown |
|---|---|

**Type of Medical Treatment:** First Aid ☐  Emergency Room ☐  Medical Doctor ☐  Other/Unknown ☒

## WITNESSES

**Was the Customer Shopping Alone?** Yes ☐  No ☒  Unknown ☐

| First Witness Name and Address: unknown | Home Phone No.: unknown |
|---|---|
| Customer ☐  Employee ☐ | Work Phone No.: unknown |
| Second Witness Name and Address: unknown | Home Phone No.: unknown |
| Customer ☐  Employee ☐ | Work Phone No.: unknown |

## OTHER

**Was a photo taken?** Note: Please send to HO Risk Management with the customer name & TPA claim # on the back — Yes ☐  No ☒

**Does the customer need to be contacted?** Yes ☒  No ☐
If Yes, Why? Courtesy call
If No, was the situation resolved at the store level? Yes ☐  No ☐

**Was the customer satisfied when they left the store?** Yes ☒  No ☐

**Any Additional Information?**

## REPORTED BY

| Name: Marylou Murtha | Title: Asst. Manager |
|---|---|



EXHIBIT C