UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD BINIEK and<br>MARLA BINIEK,<br><br>     Plaintiffs<br><br>v<br><br>MARMAXX OPERATING<br>CORPORATION d/b/a TJ MAXX and<br>JOFRAN, INC.,<br><br>     Defendants | ) CASE NO. 3:14-1154<br>)<br>) (JUDGE MANNION)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' RESPONSE TO DEFENDANT MARMAXX OPERATING CORPORATION'S MOTION TO PRECLUDE TESTIMONY OR ARGUMENT REFERRING OR RELATING TO POST-INCIDENT DESTRUCTIVE TESTING THAT CAUSED ADDITIONAL DAMAGE/ SPLITTING OF THE BLOCKS

Defendant Marmaxx Operating Corporation ("Marmaxx") has filed a Motion in Limine to preclude testimony or argument referring or relating to post-incident destructive testing that caused additional damage/ splitting of the chair blocks. In its Motion, Defendant Marmaxx references Co-Defendant Jofran, Inc.'s "expert" report in which Jofran's expert Duane Ferguson suggests Marmaxx engaged in destructive testing that caused whatever damage existed in the chair. Plaintiff agrees with Co-Defendant Marmaxx that Mr. Ferguson and Jofran should not be permitted to introduce testimony or argument regarding this topic as there is an utter dearth of evidence suggesting the damage to the chair occurred in post-accident testing as opposed to prior to Plaintiff sitting on the chair that subsequently collapsed. As is typical of Mr. Ferguson, this proffered opinion is nothing more than wild unfounded conjecture. Accordingly, Plaintiffs filed a Daubert Motion on September 11, 2015 to preclude Mr. Ferguson from testifying at all as he is unqualified to opine on matters of furniture-making and woodwork, uses no discernible scientific

method, and relies on pure conjecture as opposed to evidence of record. All of the evidence of record indicates that the chair was damaged at the time Plaintiff sat on it. Plaintiffs join in Defendant Marmaxx's reasons for granting its Motion in Limine to Preclude Testimony or Argument Referring or Relating to Post-Incident Destructive Testing that Caused Additional Damage/Splitting of the Blocks.

                                              **Respectfully submitted,**

                                              **GALFAND BERGER, LLP**

By: _____
                                         **RICHARD M. JUREWICZ, ESQUIRE**
                                         **Attorney for Plaintiffs**
                                         **Attorney I.D. No.: 39436**
                                         **1835 Market Street, Suite 2710**
                                         **Philadelphia, PA 19103**
                                         **215-665-6829**
                                         **rjurewicz@galfandberger.com**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD BINIEK and<br>MARLA BINIEK,<br><br>          Plaintiffs<br><br>v<br><br>MARMAXX OPERATING<br>CORPORATION d/b/a TJ MAXX and<br>JOFRAN, INC.,<br><br>          Defendants | CASE NO. 3:14-1154<br><br>(JUDGE MANNION) |

## CERTIFICATION OF SERVICE

I, Richard M. Jurewicz, Esquire, do hereby certify that service of a true and correct copy of the within PLAINTIFFS' RESPONSE TO DEFENDANT MARMAXX OPERATING CORPORATION'S MOTION TO PRECLUDE TESTIMONY OR ARGUMENT REFERRING OR RELATING TO POST-INCIDENT DESTRUCTIVE TESTING THAT CAUSED ADDITIONAL DAMAGE/SPLITTING OF THE BLOCKS was made on September 28, 2015, Electronic E-Filing upon the following:

EMAIL: dstofko@c-wlaw.com
Daniel D. Stofko, Esquire
Cipriani & Werner
Oppeheim Building, Suite 402
409 Lackawanna Avenue
Scranton, Pa. 18503-0600

EMAIL: jlynn@bonnerkiernan.com
James F. Lynn, Esquire
Bonner Kiernan
1801 Market Street, Suite 770
Ten Penn Center
Philadelphia, Pa. 19103

GALFAND BERGER, LLP

By: _____
**RICHARD M. JUREWICZ, ESQUIRE**
**Attorney for Plaintiffs**
**Attorney I.D. No.: 39436**
**1835 Market Street, Suite 2710**
**Philadelphia, PA 19103**
**215-665-6829**
**rjurewicz@galfandberger.com**