IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Marla Biniek | : NO: 3:14-1154 |
| | : |
| vs. | : **JURY TRIAL DEMANDED** |
| | : |
| Marmaxx Operating Corporation d/b/a TJ Maxx and Jofran Sales, Inc. | : |
| | : |

**BRIEF IN OPPOSITION OF TO DEFENDANT, MARMAXX OPERATION CORPORATION'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF DUANE R. FERGUSON, P.E.**

Conflicting testimony is not a basis for exclusion of an expert opinion under Rule 702. ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 290 (3d Cir. 2012). Although facts relied upon by an expert may be contradicted by other evidence, such is not a basis to exclude the expert opinion, as the respective credibility of witnesses is a question for the jury to decide. Id.

In ZF Meritor, LLC the Third Circuit affirmed the District's Court's order permitting expert testimony as to liability in an anti-trust litigation. There, the defendant had argued that the testimony of plaintiff's liability expert (DeRamus) should have been excluded on the basis that it was contradicted by other facts. The Third Circuit held:

> Eaton's argument on this point really amounts to nothing more than a complaint that DeRamus did not adopt Eaton's view of the case. The District Court correctly noted that, although some of DeRamus's testimony may have been contradicted by other evidence, including the testimony of Eaton's expert, the

1

existence of conflicting evidence was not a basis on which to exclude DeRamus's testimony. The respective credibility of Plaintiffs' and Eaton's experts was a question for the jury to decide.

Id at 290.

In this case, TJ Maxx employee Tara Hughes testified that the chair was situated on the platform when she passed the scene a few seconds before the incident. Mr. and Mrs. Biniek both testified that no one moved the chair before Mr. Biniek sat upon it. The Jury is the finder of fact and is free to believe all, some or none of any witness' testimony. The above testimony is sufficient to permit the jury to find that the chair was on the platform when Mr. Biniek sat upon it.

If contradicting factual evidence exists, the Third Circuit has held that "[a] party confronted with an adverse expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as the basis for his opinion can highlight those weaknesses through effective cross-examination." Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414-15 (3d Cir. 2002); see also United States v. Mitchell, 365 F.3d 215, 244 (3d Cir. 2004) ("As long as an expert's scientific testimony rests upon 'good grounds, based on what is known,' it should be tested by the adversary process—competing expert testimony and active cross-examination—rather than

excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies.")

In Stecyk, where a manufacturing defect was at issue, the Third Circuit allowed the defense expert's opinion that the most probable source of flammable fluid that caused the engine failure at issue was hydraulic fluid, even thought the Plaintiffs argued that there was no evidence of the presence of hydraulic fluid inside the engine. Id. The Third Circuit noted that although there was in fact no evidence of hydraulic fluid within the engine, the expert's opinion was permitted, as he noted that red residue consistent with hydraulic fluid was found adjacent to the engine in an area where it was not supposed to be. Id. The Third Circuit in Stecyk noted that Fed. R. Evid. 705, together with Rule 703, place the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross examination. Id.

In this case, former Marmaxx employee Tara Hughes places the chair on the platform just seconds before the incident. Plaintiffs both testified that no one moved the chair prior to Mr. Biniek sitting upon it. As such, Defendant Marmaxx's Motion in Limine should be denied.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY: */s/ Daniel Stofko*
     Daniel D. Stofko, Esquire
     Attorney for Defendant, Jofran Sales, Inc.

4