IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward and Marla Biniek | : NO: 3:14-1154 |
| | : |
| vs. | : **JURY TRIAL DEMANDED** |
| | : |
| Marmaxx Operating Corporation d/b/a TJ Maxx and Jofran Sales, Inc. | : |
| | : |

**BRIEF IN OPPOSITION OF TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF DUANE R. FERGUSON, P.E.**

The Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Pineda v. Ford Motor Company, 520 F.3d 237, 243 (3d Cir. 2008); see also Fed. R. Evid. 401 (defining "relevant evidence," all of which is generally admissible, to mean "evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" (emphases added)). With respect to expert testimony in general, the Third Circuit consistently has held that Rule 702 has a liberal policy of admissibility. Pineda, *supra*, citing: Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997).

Rule 702 has three major requirements: (1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's

1

testimony must assist the trier of fact. In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-42 (3d Cir. 1994).

The Third Circuit consistently has held that Rule 702's qualification requirement is to be interpreted liberally. Qualification requires only "that the witness possess specialized expertise." Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003). As the Third Circuit has explained: "[w]e have interpreted *Rule 702*'s qualification requirement liberally. We have held that a broad range of knowledge, skills, and training qualify an expert." Pineda v. Ford Motor Company, 520 F.3d 237, 244 (3d Cir. 2008). The Court further has noted that "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate." Id., citing: Holbrook v. Lykes Bros. S.S. Co., 80 F.3d 777, 782 (3d Cir. 1996) (accepting more general qualifications in holding that a treating physician did not have to practice a particular specialty in order to testify concerning certain matters).

The Third Circuit has also noted, that rejection of expert testimony should be the exception rather than the rule, and that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on

2

the burden of proof are the traditional means of attacking shaky but admissible evidence." Kannankeril, 128 F.3d at 806-07, citing Daubert at 596, citing Rock v. Arkansas 483 U.S. 44, 61, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987). Indeed, the Third Circuit has observed that the standard for admissibility "is not intended to be a high one." Oddi v. Ford Motor Co., 234 F.3d 136, 145 (3d Cir. 2000). The proponent of expert testimony need not prove that its expert is correct, but that the expert's "opinion is based on valid reasoning and a reliable methodology." Id. at 146. "The analysis of conclusions themselves is for the trier of fact when the expert is subject to cross-examination. Id.; see also ZF Meritor, 696 F.3d at 290 (holding that mere existence of evidence in the record that contradicted expert's conclusion was no basis to exclude expert's testimony).

In this case, it is patently absurd for Plaintiff to argue that a licensed professional engineer is unqualified to offer an opinion as to the failure mechanism of a chair leg.

The attack on Mr. Ferguson's methodology also lacks merit. This matter involves a broken leg on a wooden chair. Defendant's expert's methodology is no different than the methodology used by Plaintiff's expert. Both examined the materials, fasteners and construction of the chair (and exemplars) and offer an opinion as to how the incident occurred based upon

their knowledge and experience. Professional Engineer Duane R. Ferguson, P.E., opines in his Report that the physical damage to the chair is only consistent with a scenario where the chair fell off the edge of the platform and the leg impacted the floor, on the basis of the following: (1) inspection of the subject chair found no movement between the seat (seat box) and chair back, as they were affixed by the rear bolts; (2) examination of the subject chair found that the connections were tight and secure, and the failure of the chair is not consistent with loose connections. In fact, the top portions of the front legs remain firmly affixed to the seat box to this day; (3) the type of fasteners used for the subject chair were appropriate and provide for a stable connection; (4) the moisture levels shown in the Jofran Quality Assurance reports are not excessive; and (5) the wood used in construction of the chair is suitable and widely used in furniture applications; it is comparable to oak furniture with the exception that it is less susceptible to shrinking due to moisture changes.

With regard to the reliability of an expert's methodology, the Third Circuit has noted:

> ...the standard for determining reliability is not that high... Thus, [the proponent of the challenged expert does] not have to prove their case twice-they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable...

> [T]he evidentiary requirement of reliability is lower than the merits standard of correctness.

In re TMI Litigation, 193 F.3d 613, 665 (3ᵈ Cir. 1999).

With respect to the Daubert factors, the Third Circuit has noted that they "are neither exhaustive nor applicable in every case." *Kannankeril, 128 F.3d at 806-07; see also Kumho Tire, 526 U.S. at 151* (noting that *Daubert* itself "made clear that its list of factors was meant to be helpful, not definitive").

Courts of this Circuit have held that examination of exemplars and the testing of similar products are reliable methods of expert analysis. Rager v. General Electric Co., 2010 U.S. Dist. LEXIS 135449 (M.D. Pa. 2010); David v. Black & Decker (US), Inc., 629 F.Supp.2d 511, 515-16 (W.D. Pa. 2009). In Rager, this Court held that a fire accident expert's methods were reliable where the expert conducted several tests using exemplar electric dryers, some with substantial alterations, as well as a mock-up of a laundry closet. Rager, 2010 U.S. Dist. LEXIS at *20 - 34. In David, the Court held that expert testimony was "not based solely on speculation or the mere *ipse dixit* of the expert" where the respective experts each examined the circular saw involved in the incident, along with several exemplars, took relevant measurements and tested the exemplars in arriving at their conclusions. Id. at 515. In this case, Mr. Ferguson examined the product in question along

with several exemplars to examine the materials, fasteners and construction of the chairs. Under established caselaw, such testing is a reliable method of expert analysis.

To the extent the Plaintiffs disagree with Mr. Ferguson, Plaintiffs have the opportunity to engage in vigorous cross-examination or present their own experts. Daubert, 509 U.S. at 596. Even assuming, *arguendo*, there were questions regarding Ferguson's methodology, a Daubert hearing would be necessary for a proper determination. Elcock v. Kmart Corp., 233 F.3d 734, 745 ($3^d$ Cir. 2000); Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 417-18 ($3^d$ Cir. 1999) (holding that district court abused its discretion in excluding expert's opinion without Daubert hearing).

This matter is scheduled for trial, to begin on October 5, 2015. Plaintiffs have had Mr. Ferguson's report since June 29, 2015. There is no basis to delay trial and hold a Daubert hearing where the Plaintiffs have every opportunity through cross examination to attack any perceived deficiencies of Mr. Ferguson's opinions.

For the reasons stated herein, Plaintiff's Motion in Limine should be denied.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY: <u>*/s/ Daniel Stofko*</u>
      Daniel D. Stofko, Esquire
      Attorney for Def., Jofran Sales, Inc.